United States District Court
Southern District of Texas
**ENTERED**
July 15, 2019
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ROGER BORREGO, § | | |
| TDCJ #01243448, § | | |
| § | | |
| Petitioner, § | | |
| § | | |
| v. § | | |
| § | CIVIL ACTION NO. H-19-2477 | |
| LORIE DAVIS, Director, § | | |
| Texas Department of Criminal § | | |
| Justice - Correctional § | | |
| Institutions Division, § | | |
| § | | |
| Respondent.[1] § | | |

## MEMORANDUM OPINION AND ORDER

Roger Borrego (TDCJ #01243448) has filed a Petition for a Writ of Habeas Corpus by a Person in State Custody ("Petition") (Docket Entry No. 1), challenging the validity of his state court conviction under 28 U.S.C. § 2254. After reviewing the pleadings in accordance with Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the court will dismiss this case for the reasons explained below.

---

[1]The petitioner does not identify a respondent. Because he is confined in the Texas Department of Criminal Justice - Correctional Institutions Division, the clerk's office has substituted Director Lorie Davis as the respondent pursuant to Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts.

I. **Background**

Borrego is presently incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ") as the result of a conviction and 75-year sentence that he received in Harris County Cause No. 964682.[2] Court records reflect that Borrego was convicted of indecency with a child by contact after a jury in the 248th District Court of Harris County, Texas, found him guilty in that case, which was affirmed on direct appeal in 2005. See Borrego v. State, No. 08-04-00273-CR, 2005 WL 1993129, at *1 (Tex. App. — El Paso Aug. 18, 2005, pet. ref'd).

On July 7, 2019, Borrego executed the pending Petition for a federal writ of habeas corpus to challenge his conviction in Cause No. 964682.[3] Borrego contends that he is entitled to relief for the following reasons: (1) his defense attorney failed to object to "witness tampering" or "coaching" by the State; (2) the prosecutor improperly influenced the testimony of a child witness by "telling her what to say"; (3) there was an inadequate investigation by Child Protective Services; and (4) his punishment was improperly enhanced with another offense that he did not commit, therefore, he is "innocent."[4]

---

[2]Petition, Docket Entry No. 1, pp. 1-2. For purposes of identification all page numbers refer to the pagination imprinted by the court's electronic filing system, CM/ECF.

[3]Petition, Docket Entry No. 1, p. 10.

[4]Id. at 6-7.

Because it challenges a conviction and sentence entered more than 10 years ago, the pending Petition appears to be barred by the governing one-year statute of limitations. See 28 U.S.C. § 2244(d)(1)(A). More importantly, this is not the first federal habeas corpus proceeding that Borrego has filed to challenge his conviction in Harris County Cause No. 964682.

Court records confirm that Borrego filed a previous federal habeas corpus proceeding in this district, which challenged the same conviction entered against him in Cause No. 964682. The district court granted the respondent's motion for summary judgment and dismissed that case with prejudice on June 6, 2011. See Borrego v. Thaler, Civil No. H-10-4309 (S.D. Tex.) (Docket Entry No. 11). Borrego did not appeal.

## II. Discussion

This case is governed by the Anti-Terrorism and Effective Death Penalty Act (the "AEDPA"), codified as amended at 28 U.S.C. § 2244(b), which imposes restrictions on the filing of "second or successive" applications for habeas relief. Before a second or successive application permitted by this section may be filed in the district court the applicant must move in the appropriate court of appeals for an order authorizing the district court to consider the application. See 28 U.S.C. § 2244(b)(3)(A). If the pending Petition qualifies as a successive writ application, this court has no jurisdiction to consider it absent prior authorization from the

Fifth Circuit. "Indeed, the purpose of [28 U.S.C. § 2244(b)] was to eliminate the need for the district courts to repeatedly consider challenges to the same conviction unless an appellate panel first found that those challenges had some merit." United States v. Key, 205 F.3d 773, 774 (5th Cir. 2000) (citing In re Cain, 137 F.3d 234, 235 (5th Cir. 1998)).

The Fifth Circuit has recognized that "a prisoner's application is not second or successive simply because it follows an earlier federal petition." In re Cain, 137 F.3d 234, 235 (5th Cir. 1998). A subsequent application is "second or successive" when it (1) "raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition" or (2) "otherwise constitutes an abuse of the writ." Id.; see also United States v. Orozco-Ramirez, 211 F.3d 862, 867 (5th Cir. 2000). Borrego's proposed claims depend on facts that were available to him at or around the time of his trial and could have been presented previously. Because these claims could have and should have been raised long ago, the pending Petition meets the second-or-successive criteria.

The issue of whether a habeas corpus petition is successive may be raised by the district court sua sponte. See Rodriguez v. Johnson, 104 F.3d 694, 697 (5th Cir. 1997). Because the pending Petition is successive, the petitioner is required to seek authorization from the Fifth Circuit before this court can consider

it. See 28 U.S.C. § 2244(b)(3)(A). There is no record showing that he has requested or received the requisite authorization. Absent such authorization this court lacks jurisdiction over the Petition, which must be dismissed as an unauthorized successive writ.

### III. Certificate of Appealability

Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order that is adverse to the petitioner. A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to show that "jurists of reason could disagree with the [reviewing] court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Buck v. Davis, 137 S. Ct. 759, 773 (2017) (citation and internal quotation marks omitted). Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 120 S. Ct. 1595, 1604 (2000). Because jurists of reason would not debate whether the Petition was successive, a certificate

of appealability will not issue.

## IV. Conclusion and Order

Accordingly, the court **ORDERS** as follows:

1. The Petition for a Writ of Habeas Corpus filed by Roger Borrego (Docket Entry No. 1) is **DISMISSED without prejudice**.

2. A certificate of appealability is **DENIED**.

The Clerk shall provide a copy of this Memorandum Opinion and Order to the petitioner.

**SIGNED** at Houston, Texas, on this the 15th day of July, 2019.

SIM LAKE
UNITED STATES DISTRICT JUDGE